UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL PIERCE, | Case No. 4:25-cv-10609-KAW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. |  |
| AIR SYSTEMS, INC., | Re: Dkt. No. 11 |
| Defendant. |  |

On December 17, 2025, Defendant Air Systems, Inc. filed a motion for judgment on the pleadings. (Def.'s Mot., Dkt. No. 11.)  On February 3, 2026, upon the consent of the parties, the case was reassigned to the undersigned magistrate judge for all purposes. (Dkt. Nos. 26 & 27.)

On May 28, 2026, the Court held a hearing, and having carefully considered the briefs, arguments of counsel, and all matters presented to the Court, GRANTS Defendant's motion for judgment on the pleadings as set forth below.

## I.    BACKGROUND

### A.    Relevant Factual Background

Plaintiff Michael Pierce was employed by Defendant Air Systems, Inc. as a Journeyman Plumber from July 16, 2018, to March 31, 2025.  (Decl. of Joyce Ybarra, "Ybarra Decl.," Dkt. No. 1-1 ¶ 3; *see* Compl., Dkt. No. 1-9 ¶ 16.)  At all relevant times, Plaintiff was in the bargaining unit represented by the Plumbers and Steamfitters Local 342 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (the "Union"). (Ybarra Decl. ¶¶ 2-5.)  At all relevant times, the Union and Air Systems has been a party to a collective bargaining agreement ("CBA").  (Ybarra Decl. ¶¶ 3-5.)  There are two iterations of this collective bargaining agreement that were in effect during Plaintiff's

United States District Court
Northern District of California

employment: the "Predecessor CBA," effective July 1, 2021 through June 30, 2024; and the "Current CBA," effective July 1, 2024 through June 30, 2027. (Predecessor CBA, Ybarra Decl. ¶ 4, Ex. A; Current CBA, Ybarra Decl. ¶ 4, Ex. D.)  Accordingly, at all times, Plaintiff's employment was governed by a collective bargaining agreement.

### B.    Procedural Background

On November 6, 2025, Plaintiff filed the instant lawsuit in Alameda County Superior Court.  On December 11, 2025, Defendant removed the case to federal court on the grounds that Section 301 of the Labor Management Relations Act preempted Plaintiff's state law claims thereby conferring federal question jurisdiction. (Not. of Removal, Dkt. No. 1 at 15.)

On December 17, 2025, Defendant filed a motion for judgment on the pleadings. (Def.'s Mot., Dkt. No. 11.)  Plaintiff's opposition was due on December 31, 2025, but it was untimely filed on January 5, 2026. (Pl.'s Opp'n, Dkt. No. 17.)[1]  On January 8, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 19.)  On February 3, 2026, the case was reassigned to the undersigned for all purposes. (Dkt. Nos. 26 & 27.)

After the motion was fully briefed, Defendant brought relevant judicial opinions to the Court's attention on two occasions but included argument in violation of Civil Local Rule 7-3(d)(2). (Dkt. No. 35 (citing Dkt. Nos. 23 & 34).)  In lieu of striking those filings, the Court gave Plaintiff an opportunity to respond. (Dkt. No. 35 at 1.)  On April 29, 2026, Plaintiff filed a supplemental brief. (Pl.'s Suppl. Br., Dkt. No. 37.)

### II.    LEGAL STANDARD

### A.    Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.

---

[1] The Court will excuse Plaintiff's calendaring error, but counsel is advised to familiarize themselves with the Northern District's briefing schedule, which bear no relation to the hearing date, as the Court is not inclined to excuse any future calendaring errors. (*See* Decl. of Mehrdad Bokhour, Dkt. No. 17-1 ¶¶ 4-5.)

2009).

"[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

In ruling on the motion, the court may consider exhibits attached to the pleadings, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

### B.    Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*,

United States District Court
Northern District of California

3

828 F.2d 1385, 1388 (9th Cir. 1987).

### III.   DISCUSSION

#### A.   Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of two documents in support of its motion. (Defs.' Req. for Judicial Notice, "Defs.' RJN," Dkt. No. 13.) The documents, which were attached to the notice of removal, are purportedly true and correct copies of the collective bargaining agreements between the Northern California Mechanical Contractors Association ("NCMCA") and Local Union 342 of the United Association of the Plumbing and Pipe Fitting Industry of the United States and Canada (the "Union") that were in effect during the relevant time period: A) The CBA in effect between July 1, 2021 and June 30, 2024 (the "Predecessor CBA"); D) The CBA that covers July 1, 2024 to June 30, 2027, and is currently in effect ("Current CBA"). (Predecessor CBA, Dkt. No. 1-2; Current CBA, Dkt. No. 1-5.)

Plaintiff does not oppose the request for judicial notice.

"Courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption." *Johnson v. Sky Chefs, Inc.*, No. 11-cv-05619-LHK, 2012 WL 4483225, at *1 (N.D. Cal. Sept. 27, 2012); *see also Campos v. Green Diamond Res. Co.*, 785 F. Supp. 3d 589, 596 (N.D. Cal. 2025) (taking judicial notice of CBA at pleadings stage). The two CBAs cover the term of Plaintiff's employment.

Accordingly, the Court GRANTS Defendant's request for judicial notice.

#### B.   Motion for Judgment on the Pleadings

The instant motion seeks to dismiss all causes of action except for the eighth cause of action for failure to reimburse necessary business expenses. (Def.'s Mot. at 21 n. 2.) Specifically, Defendant contends that the first cause of action should be dismissed for failure to state a claim, the second through fifth causes of action are preempted by the Labor Management Relations Act ("LMRA"), and the sixth, seventh, and ninth causes of action are derivative of the wage and hour claims. The Court will address each argument below.

//

4

### i.   Preemption: Second, Third, Fourth, and Fifth Causes of Action

Defendant argues that Plaintiff's second, third, fourth, and fifth causes of action are preempted by § 301 of the LMRA. (Def.'s Mot. at 13-20.)

The Ninth Circuit adopted a two-part test for analyzing whether § 301 preempts a state law claim. *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007). Under the *Burnside* test, courts first "ask whether the asserted cause of action involves a right [that] exists solely as a result of the CBA." *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quotation marks and citations omitted). If the answer to the first question is yes, then "the claim is preempted and [the] analysis ends there." *Id.* at 1153 (quoting *Burnside*, 491 F.3d at 1059). If the answer to the first question is no, then courts "proceed to the second step and ask whether a plaintiff's state law right is substantially dependent on analysis of" the collective bargaining agreement. *Id.* (quotations and citations omitted). To answer this question, courts consider "whether the claim cannot be resolved by simply look[ing] to versus interpreting the CBA." *Id.* (quotations and citations omitted).

#### a.   Second and Fifth Causes of Action

As an initial matter, Plaintiff concedes in his opposition that the second and fifth causes of action are preempted, so they are dismissed with prejudice. (*See* Pl.'s Opp'n at 1.)

#### b.   Third Cause of Action for Meal Period Violations

The third cause of action is for meal period violations pursuant to California Labor Code § 226.7. (Compl. ¶¶ 63-66.) This statute does not apply to employees who are exempt from meal or rest recovery period requirements pursuant to other state law. Cal. Lab. Code § 226.7(e).

Defendant moves to dismiss on the grounds that it is exempt from the standard meal period requirements because the California Labor Code § 512(e) exemption applies. (Def.'s Mot. at 15.) § 512(e) provides:

> (e) Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for

the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512(e). Subdivision (a) addresses the meal period requirements, and it requires that an employer provide a 30-minute meal period for work periods of five hours or more. Cal. Lab. Code § 512(a). Subdivision (b) permits the Industrial Welfare Commission to adopt a working condition order permitting a meal period after six hours of work. Cal. Lab. Code § 512(b). Section 512(f)(1) clarifies that Section 512(e) applies to "an employee employed in a construction occupation." (2) "Construction occupation" includes "work involving alteration, demolition, building, excavation, renovation, remodeling, maintenance, improvement, and repair, and any other similar or related occupation or trade." Cal. Lab. Code § 512(g)(2).

Here, Defendant argues that the CBAs satisfy § 512(e)'s requirements, because they provide for meal periods, final and binding arbitration of disputes concerning its meal period provisions, wages, hours of work, working conditions, premium wages for overtime, and a regular hourly rate of pay over 30% of the minimum wage. (*See* Def.'s Mot. at 15-16.) Where the § 512(e) exemption applies, courts in this district have found that the state law claim is preempted by § 301 "under the first step in *Burnside* because [an employee's] right to meal periods exists solely as a result of [their] CBA." *See Garcia v. Pac. Gas & Elec. Co.*, No. 24-CV-04150-VC, 2024 WL 4209519, at *1 (N.D. Cal. Sept. 17, 2024). Here, both CBAs expressly provide for meal periods: "The workday shall begin between the hours of 5:00 AM and 8:00 AM and end after eight and one-half hours with a one-half (1/2) hour unpaid lunch period as close to mid-shift as reasonably possible." (Predecessor CBA, Article VIII, § 82.A; Current CBA, Article VIII, § 82.A.)

In opposition, Plaintiff argues only that the CBA does not meet the requirements for exemption, because the grievance process set forth in Article IV, § 41 does not constitute "final and binding arbitration of disputes concerning application of its meal period provisions." (Pl.'s Opp'n at 3 (quoting Cal. Lab. Code § 512(e).) First, Plaintiff contends that the grievance process is not mandatory arbitration, because § 41 establishes a multi-step grievance procedure

United States District Court
Northern District of California

United States District Court
Northern District of California

culminating review by a Joint Conference Board, composed of three members of the Employer Associations and three from the Union, and arbitration only follows if the Board is unable to reach a majority decision and elects to send the matter to arbitration. (Pl.'s Opp'n at 3-4.)  This renders the language permissive, and it does not guarantee that a grievance will be sent to arbitration. *Id.* at 4. Additionally, Plaintiff argues that the Joint Conference Board is not an impartial, adjudicative body, and internal dispute resolution is not arbitration, particularly when access to arbitration is not guaranteed. *Id.* at 4.

In reply, Defendant argues that disputing whether the CBA provides for "final and binding" arbitration is a preempted dispute under *Curtis.* (Def.'s Reply at 8.)  This argument is well taken.  As the district court found in *Gay v. Pacific Steel Group,* Plaintiff's

> argument is self-defeating, since they are asking the Court to consider the CBA's detailed grievance procedure and find that, as a matter of law, the procedure does not provide for final and binding arbitration of disputes. In other words, to adjudicate Plaintiffs' argument, the Court will necessarily have to interpret the scope and validity of the CBA's grievance procedure provisions. The necessity of such an analysis satisfies the preemption test's standard of "an active dispute over 'the meaning of contract terms.'" *See Curtis*, 913 F.3d at 1153.

No. 20-cv-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021).  As a result, the second prong of the *Burnside* test is satisfied. *See id.*

Notwithstanding, the Court notes that the grievance process in the CBAs, including submission to a board and/or arbitrator, has been found sufficient by courts in this district to preempt the same Labor Code violations alleged here, because "an employer and union can waive employee rights to a judicial forum and compel the use of arbitration for adjudication of statutory claims." *See, e.g., Oswald v. MV Transportation, Inc.*, No. 25-CV-00696-AMO, 2026 WL 25841, at *8 (N.D. Cal. Jan. 5, 2026) (citing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256-58 (2009)).

Accordingly, the third cause of action is preempted under § 301.

### c. Fourth Cause of Action for Rest Period Violations

The fourth cause of action is for rest period violations under California Labor Code § 226.7. (Compl. ¶¶ 67-71.)  At the hearing, Plaintiff conceded that this cause of action was preempted.

In moving to dismiss, Defendant contends that this claim is preempted because "the CBA

exemptions regarding rest periods in both Sections 11.D and 11.E of Wage Order 16 apply" or, alternatively, "at least one of these two Wage Order 16 rest break exemptions (in 11(D) or 11(E)) applies here." (Def.'s Mot. at 17-18.)  Wage Order 16, Sections 11.D provides that, "[i]n cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail. Cal. Code Regs., Title 8, Section 11160(11)(D). Section 11.E states that "[t]his section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection."  Cal. Code Regs., Title 8, Section 11160(11)(E).

Both CBAs contain an identical rest break provision. (Predecessor CBA, Article VIII, § 82.B; Current CBA, Article VIII, § 82.B.)  Specifically, the rest period provision provides that:

> 1) Every Individual Employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an Individual Employer from staggering rest periods to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday.

> 2) The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked or major fraction thereof. Rest periods shall take place at Individual Employer designated areas, which may include or be limited to the employees' immediate work area.

> 3) The Individual Employer shall work with the Business Office on specific situations, such as jobsites that prohibit consuming food and/or beverages in immediate work areas. In cases such as these, the Individual Employer will at a minimum allow employees to leave work area in order to consume food and beverages during rest periods. As an alternate solution, the Individual Employer will provide employees with a designated area in the workplace where employees may consume food and beverages during rest periods.

> 4) Rest periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work. However, the Individual Employer shall make up the missed rest period within the same workday or compensate the employee for the missed rest period pursuant to California Industrial Welfare Commission Order No. 16-2001 at the regular rate of pay within the same pay period.

> 5) A rest period need not be authorized for employees whose total daily work time is less than three and one-half (3-1/2) hours.

United States District Court
Northern District of California

> 6) Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> 7) If an Individual Employer fails to provide an employee a rest period in accordance with the applicable provisions of this Section, the dispute will be brought before the Joint Appeals Committee for resolution as addressed in Sections 32, 33 and 34 of this Agreement.

*Ids.* Defendant contends that, since the CBAs' rest break provision is subject to final and binding arbitration, then the Section 11.D exemption would apply even if the CBA did not mirror the Wage Order. (Def.'s Mot. at 19.)  Additionally, the Section 11.E exemption applies, because the CBA provides nearly identical rest break protection as the Wage Order:

> The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees immediate work area.

Cal. Code Regs., Title 8, Section 11160(11)(A).

As was the case with the meal break claim, Plaintiff's sole argument in opposition is that the CBA is not equivalent, because it fails to provide for final and binding arbitration. (Pl.'s Opp'n at 9.)  This argument fails for the same reason it did in regard to meal breaks: the dispute regarding the sufficiency of the grievance process itself is preempted under *Curtis. See* discussion, *supra,* Part III.B.i.b.

Accordingly, the fourth cause of action is dismissed on the grounds that it is preempted by § 301.

#### d.   Whether the preempted claims should be dismissed with prejudice.

Defendant argues that the preempted claims should be dismissed with prejudice, because:

> (1) Plaintiff did not allege either (i) that he attempted to cause the Union to initiate the contractual grievance and arbitration process under the CBA or (ii) that the Union had breached its duty of fair representation in failing to initiate or pursue a grievance on Plaintiff's behalf; and (2) Plaintiff's employment ended nine months ago, well beyond the six-month limitations period that applies to Section 301-preempted claims.

(Def.'s Mot. at 8.)  "Prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d

9

978, 985–86 (9th Cir. 2007) (citing *United Paperworkers Int'l. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987)).  Generally, "an employee's failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement and related claims." *Soremekun*, 509 F.3d at 986.

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim… or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S. Ct. 1904, 1916, 85 L. Ed. 2d 206 (1985). "State law claims preempted by the LMRA may be brought under Section 301, but they are subject to Section 301's six-month statute of limitations under Section 10(b) of the NLRA, 29 U.S.C. § 160(b)." *Litvinova v. Kaiser Found. Hosps.*, No. 25-cv-06253-SI, 2026 WL 446306, at *5 (N.D. Cal. Feb. 17, 2026) (citing *Del Costello v. Teamsters*, 462 U.S. 151, 155 (1983) (the proper statute of limitations for an employer's breach of a CBA is the six-month limitations period in § 10(b)).

At the hearing, Plaintiff conceded that he did not initiate the grievance process and acknowledged that the applicable limitations period was six months.  Since these claims could only be brought under § 301 due to federal preemption, at the very latest, the statute of limitations expired six months after the end of Plaintiff's employment, which was September 30, 2025. Plaintiff did not file this lawsuit until November 6, 2025— more than six months later—rendering these claims time barred.  Accordingly, the second, third, fourth, and fifth causes of action are dismissed with prejudice.

### ii.    Failure to State a Claim: First Cause of Action

Next, Defendant seeks the dismissal of the first cause of action for failure to state a claim. (Def.'s Mot. at 22.)  The first cause of action is for minimum wage violations pursuant to California Labor Code § 1194. (Compl. ¶¶ 51-56.)  Therein, Plaintiff alleges that "Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law." (Compl. ¶¶ 52.)  To establish a prima facie claim, a plaintiff must prove that 1) they performed work for the defendant;

10

2) that the plaintiff was paid less than the minimum wage for some or all hours worked; and 3) the amount of wages owed. Cal. Civil Jury Instruction ("CACI") No. 2701 (Nonpayment of Minimum Wage—Essential Factual Elements (Lab. Code § 1194) (2026).  Unlike minimum wage violations under the Fair Labor Standards Act which are based on average compensation, compliance with California minimum wage laws requires that the employee be paid the minimum wage for every hour worked. *See Sheppard v. N. Orange Cnty. Reg'l Occupational Program*, 191 Cal. App. 4th 289, 297 n. 5 (2010) (§ 1194 violation for failing to pay for all hours worked even though averaging would have resulted in hourly wages above the minimum wage).

Defendant argues that dismissal is appropriate, because Plaintiff fails to include any factual allegations; rather, allegations that "simply recycle the language of the Wage Orders and/or Labor Code do not suffice under the *Iqbal/Twombly* standard." (Def.'s Mot. at 22.)  Here, Plaintiff alleges that Defendant failed to record time spent off the clock, and Defendant automatically deducted 30-minute meal periods from employees' time entries. (Compl. ¶ 53.)  Thus, Defendant argues that Plaintiff has failed to establish that the minimum wage was not paid. (Def.'s Mot. at 22.)

In opposition, Plaintiff argues that, "[a]t the pleading stage, it is entirely reasonable to infer that a uniform automatic deduction policy causes employees to perform compensable work during the deducted period, thereby failing to pay minimum wages for all hours worked." (Pl.'s Opp'n at 13.)  Plaintiff misinterprets federal pleading standards under Federal Rule of Civil Procedure 8, which requires that claims be facially plausible. (*See* Pl.'s Opp'n at 12.)  While this does not require "detailed allegations," it does require more than the possibility that a defendant has acted unlawfully. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")  Nonetheless, assuming the truth of Plaintiff's allegations, deducting 30-minute meal periods or requiring some off-the-clock work would be a minimum wage violation under California law, because he would have been paid $0 for the additional time worked.  Thus, the only essential element missing is the amount of wages owed.  Plaintiff will be permitted to amend to adequately allege the amount of waged owed, as well as any "additional facts regarding the

11

nature of the uncompensated work, the circumstances under which it occurred, and Defendant's compensation practices." (*See* Pl.'s Opp'n at 14 (requesting leave to amend to add same).)

Accordingly, the first cause of action is dismissed with leave to amend.

### iii.    Derivative Claims: Sixth, Seventh, and Ninth Causes of Action

Defendant argues that the sixth, seventh, and ninth causes of action are derivative of the first through fifth causes of action. (Def.'s Mot. at 23.)  Plaintiff agrees. (Pl.'s Opp'n at 14.)  Since the above claims are dismissed, these claims are also subject to dismissal.

Even so, since Plaintiff is granted leave to amend the first cause of action, he may amend the derivative claims, but they can only be based on the minimum wage claim, as the other wage and hour claims are preempted and otherwise time-barred.

Accordingly, the sixth, seventh, and ninth causes of action are dismissed with leave to amend.

### IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Air System, Inc.'s motion for judgment on the pleadings.  Specifically, the first, sixth, seventh, and ninth causes of action are dismissed with leave to amend, while the second, third, fourth, and fifth causes of action are dismissed without leave to amend on the grounds that they are barred by the six-month limitations period for preempted claims under § 301 of the LMRA.

Plaintiff may file a first amended complaint within 21 days of this order. If Plaintiff does not timely file an amended complaint, Defendant shall file an answer addressing the eighth cause of action 21 days thereafter.

IT IS SO ORDERED.

Dated: June 3, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

12