United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PIERCE,
Plaintiff,
v.
AIR SYSTEMS, INC.,
Defendant.

Case No. 4:25-cv-10609-KAW

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 45

On July 15, 2026, Defendant Air Systems, Inc. filed a motion to dismiss Plaintiff Michael Pierce's first amended complaint. (Def.'s Mot., Dkt. No. 45.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and dismisses the amended claims with prejudice.

## I. RELEVANT BACKGROUND

As set forth in the prior order, Plaintiff Michael Pierce was employed by Defendant Air Systems, Inc. as a Journeyman Plumber and his employment was governed by a collective bargaining agreement. (6/3/26 Order, Dkt. No. 41 at 1-2.)

On December 17, 2025, Defendant filed a motion for judgment on the pleadings. (Def.'s Mot., Dkt. No. 11.) Plaintiff's opposition was due on December 31, 2025, but it was untimely filed on January 5, 2026. (Pl.'s Opp'n, Dkt. No. 17.) On January 8, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 19.) On February 3, 2026, the case was reassigned to the undersigned for all purposes. (Dkt. Nos. 26 & 27.)

On March 4, 2026, Plaintiff's related PAGA lawsuit was removed from state court. Not. of

Removal, *Pierce v. Air Systems, Inc.*, 26-cv-01851-KAW (N.D. Cal. Mar. 4, 2026) *(Pierce II)*, ECF No. 1. On March 6, 2026, Defendant filed a motion for judgment on the pleadings, but Plaintiff did not timely file an opposition to that motion, so the Court issued an order to show cause to Plaintiff and instructed him "1) to file an opposition or statement of non-opposition to the pending motion, and 2) to file a response to this order to show cause explaining why the opposition was not timely filed." Order to Show Cause, *Pierce II,* ECF No. 21. On March 30, 2026, Plaintiff filed a statement of non-opposition and a response to the order to show cause, in which he stated that he does not oppose the relief requested in the pending motion, because "it appears that the PAGA exception applies under the circumstances presented." Pl.'s Resp., *Pierce II,* ECF No. 22 at 1. Thereafter, the Court granted the motion for judgment on the pleadings as unopposed, discharged the order to show cause, and entered judgment in favor of Defendant in the PAGA action. *Pierce II,* ECF Nos. 24 & 25.

On June 3, 2026, the Court granted the motion for judgment on the pleadings in the instant case and gave Plaintiff 21 days to file a first amended complaint. (6/3/26 Order at 12.) Additionally, in light of Plaintiff's propensity to miss deadlines, the Court instructed Defendant to file an answer addressing the remaining eighth cause of action should Plaintiff not timely file an amended complaint. *Id.*

Plaintiff's last day to file the first amended complaint was June 24, 2026. (*See* Dkt. No. 41 (docket text states that "First Amended Complaint due within 21 days, by 6/24/2026".) Plaintiff did not timely file the first amended complaint, and Defendant filed its answer on June 25, 2026 in accordance with the Court's June 3, 2026 order. (Def.'s Answer, Dkt. No. 42.) On June 26, 2026, and without seeking leave of court, Plaintiff filed his first amended complaint, which was unsigned and the Clerk's Office issued an electronic filing error. (*See* Dkt. No. 43.) Plaintiff refiled the first amended complaint on June 29, 2026. (First Am. Compl., "FAC," Dkt. No. 44.)

On July 15, 2026, Defendant filed the instant motion to dismiss. (Def.'s Mot., Dkt. No. 45.) On July 29, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 47.) On August 4, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 48.)

## II. DISCUSSION

Defendant moves to dismiss the first cause of action on various grounds, including for failure to timely file the first amended complaint. (Def.'s Mot. at 8.)

### A. Untimeliness

The parties agreed, and the Court has previously held, that three of the remaining four claims[1] are derivative of the first cause of action, and, therefore, also dismissed those three derivative claims with leave to amend. (6/3/26 Order at 12.)

Here, Plaintiff argues that his inadvertent delay caused no prejudice to Defendant and was not intentional nor in bad faith. (Pl.'s Opp'n at 3.) Instead, Plaintiff explains that

> it resulted from an isolated administrative oversight within Plaintiff's office. Following the Court's June 3, 2026, Order, the Order was inadvertently not uploaded into Plaintiff's office's internal calendaring system after it was received through CM/ECF. As a result, the deadline to file the FAC was unfortunately not calendared.

*Id.* The Court is unpersuaded.

First, excusing Plaintiff's failure to timely file the first amended complaint would prejudice Defendant, because it filed an answer to the initial complaint as instructed by the Court's June 3, 2026 order.

Second, and more importantly, this oversight was not "an **isolated** administrative oversight," despite Plaintiff's contention that it was. (*See* Pl.'s Opp'n at 3) (emphasis added). At the time the first amended complaint was filed, Plaintiff's case has been open for less than seven months, and this was the third time that he failed to timely file in connection with a pending motion or court order due to calendaring errors. In January, Plaintiff failed to timely oppose the prior motion for judgment on the pleadings in this case due to another calendaring error, but the Court excused that error and explicitly advised Plaintiff's counsel that it was "not inclined to excuse any future calendaring errors." (6/3/26 Order at 2 n. 1.) In the related case, Plaintiff failed to respond to that motion for judgment on the pleadings, and then only filed a statement of non-

[1] The only claim not at issue in connection with the untimely filing is the failure to reimburse necessary business expenses. It was the eighth cause of action in the original complaint and the fourth cause of action in the first amended complaint.

United States District Court
Northern District of California

opposition after the undersigned issued an order to show cause. Thus, this was hardly an isolated incident.

**B. Federal Rule of Civil Procedure 41(b) factors**

In opposition, Plaintiff argues that a dismissal under Federal Rule of Civil Procedure 41(b) is "a harsh sanction reserved for extreme circumstances involving willful disobedience, repeated failure to comply with court orders, or unreasonable delay." (Pl.'s Opp'n at 3.) For that reason, Plaintiff contends that the Court must weigh the factors identified in *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), which he contends "overwhelmingly favor permitting this action to proceed." (Pl.'s Opp'n at 3-4.)

Under Rule 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.,* 594 F.3d 1081, 1084 (9th Cir. 2010), *rev'd on other grounds*, *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). The Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962) (internal citation omitted); *Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986).

In deciding whether a dismissal is warranted pursuant to Rule 41(b), the courts typically consider[2] five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations and citations omitted). Under Rule 41(b), dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Hernandez v. City of El*

---

[2] While it is preferred that the district court make explicit findings to show that it has considered these five factors, it is not required, and the Ninth Circuit "may review the record independently to determine if the district court has abused its discretion" in granting a dismissal under Rule 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992).

*Monte,* 138 F.3d 393, 399 (9th Cir. 1998).

**i. Public's Interest in Expeditious Resolution**

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The dismissal of the first amended complaint drastically narrows this case, and, therefore, strongly favors dismissal.

**ii. The Court's Need to Manage its Docket**

As to the second factor, this is the third time that Plaintiff has experienced a "calendaring error" that resulted in failing to timely respond to a pending dispositive motion or court order. After the second occurrence, Plaintiff was advised that future calendaring errors were unlikely to be excused. Indeed, given Plaintiff's track record, the Court instructed Defendant to file an answer to the single, remaining cause of action in the initial complaint if Plaintiff failed to timely amend. (*See* 6/3/26 Order at 12.) Thus, the Court's need to manage its docket weighs strongly in favor of dismissal.

**iii. Risk of Prejudice to Defendant**

As to the third factor, the risk of prejudice to Defendant "is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish,* 191 F.3d at 991 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (indicating that "we place particular reliance on the district court's determination that [Plaintiff's] excuse for her conduct was groundless" because "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default"). Here, a third calendaring error is an inadequate reason to fail to timely amend, particularly when Plaintiff was on notice that any future calendaring errors were unlikely to be excused. Moreover, Defendant suffers prejudice both to the extent that it filed an answer to the remaining eighth cause of action after Plaintiff failed to timely amend, and because it would have to defend against the additional claims pled in the first amended complaint. Thus, the Court finds that this factor strongly supports dismissal.

**iv. Public Policy Favoring a Disposition on the Merits**

As to the fourth cause of action, the public policy favoring a disposition on the merits weighs against dismissal.

**v. Availability of Less Drastic Alternatives**

Fifth, the availability of less drastic alternatives requires that the Court first consider "the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987) (quoting *United States v. National Medical Enterprises, Inc.,* 792 F.2d 906, 912 (9th Cir.1986) (internal quotations omitted)). This requires that the court consider the feasibility of less drastic sanctions and explain why they are inadequate, whether the court implemented alternative methods of sanctions or curing malfeasance before ordering dismissal, and whether the court warned the plaintiff of the possibility of dismissal before ordering the dismissal. *Malone,* 833 F.2d at 132.

Here, the Court excused Plaintiff's untimely opposition to a motion for judgment on the pleadings and explicitly warned him that future calendaring errors were unlikely to be excused. (*See* 6/3/26 Order at 2 n. 1.) Nonetheless, Plaintiff contends that the less drastic alternative would be to allow him additional time to amend and excuse the untimeliness, as was the case with *Yourish.* (Pl.'s Opp'n at 8.) Unlike *Yourish,* however, which involved an abbreviated minute order, Plaintiff had the benefit of a very clear dismissal order in which the Court identified the deficiencies regarding those causes of action for which he was granted leave to amend. *Cf. Yourish,* 191 F.3d at 986 (The parties waived oral argument after the judge experienced a transportation issue that prevented travel to the courthouse for the scheduled hearing. The court had issued a tentative ruling to grant the motion and allow 10 days to amend. The minute order granted the dismissal with 60 days to amend, and Plaintiffs' counsel requested a written order explaining the reasons for dismissal, but a written order never issued.)

Moreover, the Court notes that, here, Plaintiff did not seek leave to file the first amended complaint after the answer was filed nor did he seek relief from the June 24, 2026 deadline. Rather, Plaintiff filed the (unsigned) first amended complaint the day after Defendant's answer — which had already settled the pleadings — because that is how Plaintiff's counsel discovered that they had missed another deadline. (*See* Decl. of Mehrdad Bokhour, "Bokhour Decl.," Dkt. No. 47-1 ¶ 23.) Additionally, as discussed above, Plaintiff's characterization that this was merely a one-off misrepresents the record, because this is the third time Plaintiff has experienced a calendaring

United States District Court
Northern District of California

error that has disrupted a case schedule.[3]

Thus, even though the fifth factor may slightly weigh against dismissal, the fourth and fifth factors are far outweighed by factors 1-3, which strongly favor dismissal, rendering dismissal proper under Rule 41(b). *See Hernandez,* 138 F.3d at 399 (dismissal is proper when at least three factors strongly support dismissal).

Accordingly, the Court grants the motion to dismiss due to Plaintiff's failure to timely file the amended complaint in violation of a prior court order.

**C. On the merits**

Finally, Defendant seeks to dismiss the first and fourth causes of actions on the separate grounds that they are subject to the collective bargaining agreement's grievance and arbitration procedures and, alternatively, that they are preempted by Section 301 of the LMRA. (Def.'s Mot. at 9, 13.) Given that the first amended complaint is being dismissed pursuant to Rule 41(b), the pleadings are settled. If Defendant wishes to challenge the remaining cause of action for failure to reimburse necessary business expenses, it may file a motion for judgment on the pleadings.

## III. CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to dismiss and STRIKES the first amended complaint (Dkt. No. 44) pursuant to Federal Rule of Civil Procedure 41(b). The claims dismissed with leave to amend in the June 3, 2026 order are dismissed with prejudice, and the operative complaint is the initial complaint with the sole remaining eighth cause of action.

Since Defendant filed an answer to the initial complaint (Dkt. No. 42), the pleadings are settled, and the Court sets a case management conference for October 20, 2026. The joint case management statement is due on or before October 13, 2026.

IT IS SO ORDERED.

Dated: September 25, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[3] While a law firm's support staff may be tasked with calendaring deadlines, counsel is ultimately responsible for ensuring that all deadlines are met. (*See* Bokhour Decl. ¶¶ 22-23.)